UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JUDGE PALLMEYER**

UNITED STATES OF AMERICA )
)
v. )
)
JOHN SCHWAB, )
DONALD RALLS, )
ALAN GUZZINO, )
DAVID DONALDSON, )
GARY LINDESMITH, )
MURTEZA GAZAFERI, and )
AHMET RUSID )

**MAGISTRATE JUDGE NOLAN**

No. **07 CR    8 15**

Violations: Title 18, United States Code
Sections 1341, 1343 and 1346; Title
26, United States Code, Section 7206(1)

**FILED**

DEC – 6 2007
Dec 6 2007
**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

**COUNT ONE**

The UNITED STATES ATTORNEY charges:

1.    At times material to this information:

a.    The Village of Bolingbrook ("Village" or "Bolingbrook") was a unit of local government and a political subdivision of the State of Illinois.

b.    Bolingbrook provided municipal services to its citizens through various administrative departments, including the Public Works Department.

c.    The Public Works Department was comprised of five units or divisions, including the Building and Fleet Division.

d.    Among other things, the Building and Fleet Division maintained Village facilities and Village-owned vehicles, which maintenance included ordering cleaning supplies and automotive parts and performing repairs and maintenance tasks on facilities and vehicles.

e.    Each of the five divisions in the Public Works Department had an assigned superintendent who had authority to make purchases and to authorize purchases on behalf of Bolingbrook.

f.      Once purchases were made on behalf of Bolingbrook, receipts and invoices were forwarded to the Village's Finance Department for payment.

g.      Defendant JOHN SCHWAB was employed in the Building and Fleet Division from approximately 1988 until March 2006, and owed a duty of honest services to Bolingbrook. From approximately July 2001 until July 2002, SCHWAB was the Acting Superintendent of the Building and Fleet Division. From approximately July 2002 until March 2006, SCHWAB was the Superintendent of the Building and Fleet Division. SCHWAB was authorized to make purchases on behalf of Bolingbrook, and when he was Acting Superintendent and Superintendent of the Building and Fleet Division, SCHWAB authorized purchases made by other Building and Fleet employees on behalf of Bolingbrook and approved the submission of the invoices for these purchases for payment by the Village.

h.      Defendant DONALD RALLS was employed as the Superintendent of the Building and Fleet Division from approximately 1991 or 1992 until he retired in approximately June 2001, and owed a duty of honest services to Bolingbrook. During his employment, RALLS was authorized to make purchases on behalf of Bolingbrook, and, as Superintendent of the Building and Fleet Division, RALLS authorized purchases made by other Building and Fleet employees on behalf of Bolingbrook and approved the submission of the invoices for these purchases for payment by the Village.

i.      Defendant ALAN GUZZINO was an owner of South Harlem Auto Supply, Inc., a business that sold parts and supplies for trucks and automobiles.

j.      Defendant DAVID DONALDSON was the owner of Merchant Supply Midwest, Inc., a business that distributed cleaning supplies, paper products, and other janitorial

2

products.

     k.     Defendant GARY LINDESMITH was the owner of Lindco Equipment Sales, Inc., a business that sold equipment for trucks.

     l.     Defendants MURTEZA GAZAFERI and AHMET RUSID were the co-owners of Auto Tech & Tire Complete Auto Service, a business that repaired automobiles and sold automotive parts.

     2.     Beginning in approximately the late 1990s and continuing until in or about April 2006, at Bolingbrook, in the Northern District of Illinois, Eastern Division, and elsewhere:

JOHN SCHWAB,<br>
ALAN GUZZINO,<br>
DAVID DONALDSON,<br>
GARY LINDESMITH,<br>
MURTEZA GAZAFERI, and<br>
AHMET RUSID,

defendants herein, along with Donald Ralls and others known and unknown, devised and intended to devise, and participated in, a scheme and artifice to defraud the Village of Bolingbrook of money, property and the intangible right to the honest services of Ralls and defendant SCHWAB, and to obtain money and property from the Village of Bolingbrook by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

     3.     It was part of the scheme to defraud that Ralls and defendant SCHWAB asked certain business owners who did business with the Village of Bolingbrook to give them items, monies, gifts, and services for the personal benefit of Ralls and SCHWAB. The business owners acceded to the requests, and, in the invoices they submitted for payment by the Village of Bolingbrook, the business owners at times included these personal items and at times added fictitious purchases and inflated

3

prices, which allowed them to recoup the cost of the items, monies, gifts, and services that Ralls and SCHWAB requested and also to gain additional, unearned monies for themselves and their businesses. Ralls and SCHWAB knew that invoices submitted by the business owners at times contained items that were for personal use and at times contained fictitious purchases and inflated prices, but they did not so inform the Finance Department and, thus, the invoices were paid by the Village.

South Harlem Auto Supply, Inc.

4.     It was further part of the scheme that, at the request of Ralls and defendant SCHWAB, defendant GUZZINO made personal purchases for the benefit of Ralls and SCHWAB, allowed Ralls and SCHWAB to use his business credit card for personal purchases, including personal vacations and airline tickets, provided Ralls and SCHWAB with South Harlem Auto Supply merchandise for their personal use, and occasionally gave Ralls and SCHWAB cash payments.

5.     It was further part of the scheme that, to cover the cost of these personal purchases and payments, and an additional amount for himself, defendant GUZZINO created invoices that contained items for personal use, inflated prices, and fictitious purchases, and submitted these invoices to Village of Bolingbrook for payment with Bolingbrook funds.

6.     It was further part of the scheme that, after receiving payment from the Village for these inflated invoices and fictitious purchases, defendant GUZZINO kept about 25% to 35% of the money for himself and put about 65% to 75% of the money in a "line of credit" for Ralls and defendant SCHWAB. GUZZINO used the "line of credit" to provide Ralls and SCHWAB with personal purchases, credit card purchases, merchandise for personal use, and cash.

4

### Merchant Supply Midwest, Inc.

7.    It was further part of the scheme that, at the request of Ralls and defendant SCHWAB, defendant DONALDSON gave Ralls and SCHWAB merchandise for their personal use, made personal purchases for the benefit of Ralls, and made cash payments to SCHWAB.

8.    It was further part of the scheme that, to cover the cost of these items and cash payments, and an additional amount for himself, defendant DONALDSON created invoices that contained items for personal use, inflated prices, and fictitious purchases, and submitted these invoices to the Village of Bolingbrook for payment with Bolingbrook funds.  Upon receiving payment from the Village for the inflated invoices and fictitious purchases, DONALDSON kept approximately 60% of the money for himself.

### Lindco Equipment Sales, Inc.

9.    It was further part of the scheme that, at the request of defendant SCHWAB, defendant LINDESMITH gave SCHWAB merchandise for his personal use and paid for meals and entertainment for SCHWAB.

10.    It was further part of the scheme that, to cover the cost of this merchandise and entertainment, and also to cover the cost of financial contributions to political campaigns and charities that were solicited by Village officials, defendant LINDESMITH created invoices that contained items for personal use, inflated prices, and fictitious purchases, and submitted these invoices to Village of Bolingbrook for payment with Bolingbrook funds.

### Auto Tech & Tire Complete Auto Service

11.    It was further part of the scheme that, at the request of defendant SCHWAB, defendants GAZAFERI and RUSID performed automotive maintenance services at no cost for the

5

benefit of SCHWAB and made cash payments to SCHWAB.

12.    It was further part of the scheme that, to cover the cost of these services and cash payments, and an additional amount for themselves, GAZAFERI and RUSID inflated invoices and created invoices containing fictitious purchases, and submitted these invoices to the Village of Bolingbrook for payment with Bolingbrook funds. Upon receiving payment from the Village for the inflated invoices and fictitious purchases, GAZAFERI and RUSID kept approximately 80% of the money for themselves.

13.    It was further part of the scheme that Ralls and defendant SCHWAB knew that invoices submitted by the business owners at times contained items for personal use, inflated prices and fictitious purchases, but they did not so inform the Finance Department and, thus, these personal items, inflated prices and fictitious purchases were paid by the Village.

14.    It was further part of the scheme that the defendants did misrepresent, conceal, and hide, and cause to be misrepresented, concealed, and hidden the true purposes of the acts done in furtherance of the scheme.

15.    As a result of the scheme, the defendants defrauded the Village of Bolingbrook of a total of over $400,000 in wrongful payments on receipts and invoices.

16.    On or about May 18, 2004, at Bolingbrook, in the Northern District of Illinois, Eastern Division,

## JOHN SCHWAB,

defendant herein, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so, knowingly caused to be placed in an authorized depository for mail matter an envelope containing Village of Bolingbrook check # 109216, and addressed to:

6

AutoTech & Tire Complete Auto Service
126 Barbers Corner Road
Bolingbrook, Illinois 60440

In violation of Title 18, United States Code, Sections 1341 and 1346.

## COUNT TWO

The UNITED STATES ATTORNEY further charges:

1.    The allegations of paragraphs 1-15 in Count One are realleged and incorporated herein.

2.    On or about July 27, 2005, at Bolingbrook, in the Northern District of Illinois, Eastern Division,

JOHN SCHWAB,

defendant herein, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so, knowingly caused to be placed in an authorized depository for mail matter an envelope containing Village of Bolingbrook check # 116296, and addressed to:

> AutoTech & Tire Complete Auto Service
> 126 Barbers Corner Road
> Bolingbrook, Illinois 60440

In violation of Title 18, United States Code, Sections 1341 and 1346.

## COUNT THREE

The UNITED STATES ATTORNEY further charges:

1.    The allegations of paragraphs 1-15 in Count One are realleged and incorporated herein.

2.    On or about September 15, 2001, at Bolingbrook, in the Northern District of Illinois, Eastern Division,

ALAN GUZZINO,

defendant herein, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so, knowingly caused to be placed in an authorized depository for mail matter an envelope containing a payment for an Advanta Business Cards statement that included, among other things, a flight for a Village of Bolingbrook employee, and addressed to:

> Advanta Business Cards
> P.O. Box 8088
> Philadelphia, PA 19101

In violation of Title 18, United States Code, Sections 1341 and 1346.

9

## COUNT FOUR

The UNITED STATES ATTORNEY further charges:

1.      The allegations of paragraphs 1-15 in Count One are realleged and incorporated herein.

2.      On or about February 15, 2006, at Bolingbrook, in the Northern District of Illinois, Eastern Division,

### DAVID DONALDSON,

defendant herein, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so, knowingly caused to be placed in an authorized depository for mail matter an envelope containing a Merchant Supply Midwest, Inc. invoice that included fictitious purchases, and addressed to:

> Village of Bolingbrook
> 375 W. Briarcliff Road
> Bolingbrook, Illinois 60440

In violation of Title 18, United States Code, Sections 1341 and 1346.

10

## COUNT FIVE

The UNITED STATES ATTORNEY further charges:

1.    The allegations of paragraphs 1-15 in Count One are realleged and incorporated herein.

2.    On or about February 3, 2004, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so,

### GARY LINDESMITH,

defendant herein, transmitted and caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals and sounds, namely a Lindco Equipment Sales, Inc. invoice that included fictitious purchases, which invoice was sent via facsimile transmission from Merrillville, Indiana, to the Village of Bolingbrook, in the Northern District of Illinois, Eastern Division.

In violation of Title 18, United States Code, Sections 1343 and 1346.

## COUNT SIX

The UNITED STATES ATTORNEY further charges:

1.     The allegations of paragraphs 1-15 in Count One are realleged and incorporated

herein.

2.     On or about May 10, 2004, at Bolingbrook, in the Northern District of Illinois,

Eastern Division,

MURTEZA GAZAFERI and
AHMET RUSID,

defendants herein, for the purpose of executing the aforesaid scheme to defraud, and attempting to

do so, knowingly caused to be placed in an authorized depository for mail matter an envelope

containing an Auto Tech & Tire Complete Auto Service invoice that included fictitious purchases,

and addressed to:

Village of Bolingbrook
375 W. Briarcliff Road
Bolingbrook, Illinois 60440

In violation of Title 18, United States Code, Sections 1341 and 1346.

12

## COUNT SEVEN

The UNITED STATES ATTORNEY further charges:

1.    The allegations of paragraphs 1-15 in Count One are realleged and incorporated herein.

2.    On or about July 15, 2005, at Bolingbrook, in the Northern District of Illinois, Eastern Division,

MURTEZA GAZAFERI and
AHMET RUSID,

defendants herein, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so, knowingly caused to be placed in an authorized depository for mail matter an envelope containing an Auto Tech & Tire Complete Auto Service invoice that included fictitious purchases, and addressed to:

Village of Bolingbrook
375 W. Briarcliff Road
Bolingbrook, Illinois 60440

In violation of Title 18, United States Code, Sections 1341 and 1346.

13

## COUNT EIGHT

The UNITED STATES ATTORNEY further charges:

On or about April 15, 2004, in the Northern District of Illinois, Eastern Division,

JOHN SCHWAB,

defendant herein, willfully made and subscribed, and caused to be made and subscribed, a joint U.S. Individual Income Tax Return (Form 1040 with schedules and attachments), for the calendar year 2003, which return was verified by written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which income tax return he did not believe to be true and correct as to every material matter, in that defendant JOHN SCHWAB listed his total income on Line 22 as being $71,021, whereas, in truth and fact, as the defendant well knew, his total income was substantially in excess of said amount;

In violation of Title 26, United States Code, Section 7206(1).

14

## COUNT NINE

The UNITED STATES ATTORNEY further charges:

On or about April 1, 2005, in the Northern District of Illinois, Eastern Division,

### JOHN SCHWAB,

defendant herein, willfully made and subscribed, and caused to be made and subscribed, a joint U.S. Individual Income Tax Return (Form 1040 with schedules and attachments), for the calendar year 2004, which return was verified by written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which income tax return he did not believe to be true and correct as to every material matter, in that defendant JOHN SCHWAB listed his total income on Line 22 as being $71,775, whereas, in truth and fact, as the defendant well knew, his total income was substantially in excess of said amount;

In violation of Title 26, United States Code, Section 7206(1).

## **COUNT TEN**

The UNITED STATES ATTORNEY further charges:

On or about March 6, 2006, in the Northern District of Illinois, Eastern Division,

### JOHN SCHWAB,

defendant herein, willfully made and subscribed, and caused to be made and subscribed, a joint U.S. Individual Income Tax Return (Form 1040 with schedules and attachments), for the calendar year 2005, which return was verified by written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which income tax return he did not believe to be true and correct as to every material matter, in that defendant JOHN SCHWAB listed his total income on Line 22 as being $71,140, whereas, in truth and fact, as the defendant well knew, his total income was substantially in excess of said amount;

In violation of Title 26, United States Code, Section 7206(1).

16

## COUNT ELEVEN

The UNITED STATES ATTORNEY further charges:

On or about October 15, 2001, in the Northern District of Illinois, Eastern Division,

DONALD RALLS,

defendant herein, willfully made and subscribed, and caused to be made and subscribed, a joint U.S. Individual Income Tax Return (Form 1040 with schedules and attachments), for the calendar year 2000, which return was verified by written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which income tax return he did not believe to be true and correct as to every material matter, in that defendant DONALD RALLS listed his total income on Line 22 as being $647,733, whereas, in truth and fact, as the defendant well knew, his total income was in excess of said amount;

In violation of Title 26, United States Code, Section 7206(1).

17

## COUNT TWELVE

The UNITED STATES ATTORNEY further charges:

On or about January 4, 2003, in the Northern District of Illinois, Eastern Division,

DONALD RALLS,

defendant herein, willfully made and subscribed, and caused to be made and subscribed, a joint U.S. Individual Income Tax Return (Form 1040 with schedules and attachments), for the calendar year 2001, which return was verified by written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which income tax return he did not believe to be true and correct as to every material matter, in that defendant DONALD RALLS listed his total income on Line 22 as being $841,681, whereas, in truth and fact, as the defendant well knew, his total income was in excess of said amount;

In violation of Title 26, United States Code, Section 7206(1).

## FORFEITURE ALLEGATION

The UNITED STATES ATTORNEY further alleges:

1.     The allegations contained in Counts One through Seven of this information are realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.     As a result of their violation of Title 18, United States Code, Sections 1341, 1343 and 1346, as alleged in Counts One through Seven of the foregoing information,

> JOHN SCHWAB,
> ALAN GUZZINO,
> DAVID DONALDSON,
> GARY LINDESMITH,
> MURTEZA GAZAFERI and
> AHMET RUSID,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all right, title and interest in property, real and personal, which constitutes and is derived from proceeds traceable to the offense charged in Counts One through Seven of the foregoing information.

3.     The interests of defendants SCHWAB, GUZZINO, DONALDSON, LINDESMITH, GAZAFERI and RUSID subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) include but are not limited to:

      (a)     at least $404,000;

      (b)     all items, financial benefits, and proceeds defendant SCHWAB received from defendants GUZZINO, DONALDSON, LINDESMITH, GAZAFERI and RUSID, who were vendors doing business with the Village of Bolingbrook,

19

and who covered the costs of these benefits by submitting invoices to the Village that contained items that were for personal use, fictitious purchases, and inflated prices; and

(c)     all items, financial benefits, and proceeds defendants GUZZINO, DONALDSON, LINDESMITH, GAZAFERI and RUSID received by submitting invoices to the Village that contained items that were for personal use, fictitious purchases, and inflated prices.

4.     If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendants:

    a.    Cannot be located upon the exercise of due diligence;

    b.    Has been transferred or sold to, or deposited with,

        a third party;

    c.    Has been placed beyond the jurisdiction of the Court;

    d.    Has been substantially diminished in value; or

    e.    Has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461( c).

20

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).


Patrick J. Fitzgerald, by DAS
UNITED STATES ATTORNEY