UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 07 CR 815 - 5 |
| v. ) | |
| ) | Judge Rebecca R. Pallmeyer |
| GARY LINDESMITH ) | |

**AGREED MOTION FOR TIME TO BE EXCLUDED
PURSUANT TO 18 U.S.C. § 3161(h)(1) AND (h)(8)(A)**

Now comes the UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, and, in agreement with defendant GARY LINDESMITH, respectfully requests that time be excluded from January 8, 2008, until the next status date, February 15, 2008, pursuant to 18 U.S.C. § 3161(h)(1) and (h)(8)(A). In support thereof, the government states as follows:

1.	The parties were before the Court on January 8, 2008, for arraignment on this matter. At that time, the parties informed the Court that Rule 16 discovery had substantially, if not entirely, been made and that a motion schedule was not needed, as the case likely would be resolved short of trial. The parties then asked for a status date.

2.	The Court stated that, if any Rule 16 discovery remained to be completed, the government was ordered to do so. The Court then scheduled a status hearing for February 15, 2008. In its minute order issued on January 8, the Court ordered time excluded until February 15 pursuant to 18 U.S.C. § 3161(h)(1)(F), the provision providing for excludable time for the filing of motions.

3.	The parties will be discussing a possible plea agreement and expect to report to the Court on February 15 as to whether agreement has been reached.

4.	The government, therefore, respectfully requests that time be excluded until February

15 for the purpose of plea negotiations pursuant to: a) § 3161(h)(1), as an "other proceeding" concerning the defendant, *United States v. Montoya*, 827 F.2d 143, 150 (7th Cir. 1987);[1] and b) § 3161(h)(8)(A) and (B), in the "interests of justice." The defendant is in agreement with this request. The government submits that, because plea negotiations can assist the parties in making critical decisions regarding this matter, the ends of justice served by such exclusion of time outweigh the best interest of the public and the defendant in a speedy trial.

    5.    The government respectfully submits a proposed draft order excluding time as discussed above.

                              Respectfully submitted,

                              PATRICK J. FITZGERALD
                              United States Attorney

                       By: s/Laurie J. Barsella
                              Laurie J. Barsella
                              Assistant United States Attorney
                              (312) 353-6069

---

[1] In *Montoya*, the Seventh Circuit held: "The plea bargaining process also can qualify as one of many 'other proceedings' under the generic exclusion of section 3161(h)(1). The Speedy Trial Act lists ten specific proceedings as 'other proceedings concerning the defendant' that qualify for exclusion. But those ten listed proceedings are inclusive, not exclusive. Section 3161(h)(1)(D) states at the outset that the government may exclude '[a]ny period of delay resulting from other proceedings concerning the defendant, *including but not limited to* . . . delay resulting from trial with respect to other charges against the defendant. . . .' *Id.* (emphasis added). Thus, negotiating a plea bargain could be considered a proceeding other than trial, or preparation for trial, that qualifies for the exclusion." 827 F.3d at 150 (emphasis in original). *See also, e.g.*, *United States v. Dunbar*, 357 F.3d 582, 593 (6th Cir. 2004) ("We have held that plea negotiations may be excluded as "other proceedings" pursuant to § 3161(h)(1)," citing *United States v. Bowers*, 834 F.2d 607, 609-10 (6th Cir.1987)), *vacated on other grounds (Booker) and reinstated*, 411 F.3d 668 (6th Cir. 2005); *United States v. Salerno*, 108 F.3d 730, 736 (7th Cir. 1997) ("courts have discretion to determine 'the nature of *those proceedings* which fall within the "other proceedings" language' of [§ 3161(h)(1)] . . . and courts have adopted a broad interpretation of 'other proceedings,'" finding excludable delay in instances that include "time spent in a defendant's plea bargaining negotiations") (emphasis in original, citations omitted).

## CERTIFICATE OF SERVICE

     The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document: **AGREED MOTION FOR TIME TO BE EXCLUDED PURSUANT TO 18 U.S.C. § 3161(h)(1) AND (h)(8)(A)**, was served pursuant to the district court's ECF system as to ECF filers on January 11, 2008:

| | |
|---|---|
| Elliot Samuels | Michael Sher |
| 30 South Wacker Drive | msher@ngelaw.com |
| Suite 2300 | |
| Chicago, IL 60606 | |

                          By:    s/ Laurie J. Barsella
                                   LAURIE J. BARSELLA
                                   Assistant United States Attorney
                                   219 South Dearborn Street
                                   Chicago, Illinois 60604
                                   (312) 353-6069