FILED
APR - 4 2008
APR 4 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JUDGE PALLMEYER

MAGISTRATE JUDGE NOLAN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | No.   07 CR 815 |
| v.                       ) | |
|                          ) | Violations: Title 18, United States Code |
| GARY LINDESMITH          ) | Sections 1341 and 1346 |
|                          ) | |
|                          ) | Second Superseding Information |

The UNITED STATES ATTORNEY charges:

1.  At times material to this information:

    a.  The Village of Bolingbrook ("Village" or "Bolingbrook") was a unit of local government and a political subdivision of the State of Illinois.

    b.  Bolingbrook provided municipal services to its citizens through various administrative departments, including the Public Works Department.

    c.  The Public Works Department was comprised of five units or divisions, including the Building and Fleet Division.

    d.  Among other things, the Building and Fleet Division maintained Village facilities and Village-owned vehicles, which maintenance included ordering cleaning supplies and automotive parts and performing repairs and maintenance tasks on facilities and vehicles.

    e.  Each of the five divisions in the Public Works Department had an assigned superintendent who had authority to make purchases and to authorize purchases on behalf of Bolingbrook.

    f.  Once purchases were made on behalf of Bolingbrook, receipts and invoices were forwarded to the Village's Finance Department for payment.

    g.  John Schwab was employed in the Building and Fleet Division from

approximately 1988 until March 2006, and owed a duty of honest services to Bolingbrook. From approximately July 2001 until July 2002, Schwab was the Acting Superintendent of the Building and Fleet Division. From approximately July 2002 until March 2006, Schwab was the Superintendent of the Building and Fleet Division. Schwab was authorized to make purchases on behalf of Bolingbrook, and when he was Acting Superintendent and Superintendent of the Building and Fleet Division, Schwab authorized purchases made by other Building and Fleet employees on behalf of Bolingbrook and approved the submission of the invoices for these purchases for payment by the Village.

      h.    Donald Ralls was employed as the Superintendent of the Building and Fleet Division from approximately 1991 or 1992 until he retired in approximately June 2001, and owed a duty of honest services to Bolingbrook. During his employment, Ralls was authorized to make purchases on behalf of Bolingbrook, and, as Superintendent of the Building and Fleet Division, Ralls authorized purchases made by other Building and Fleet employees on behalf of Bolingbrook and approved the submission of the invoices for these purchases for payment by the Village.

      i.    Alan Guzzino was an owner of South Harlem Auto Supply, Inc., a business that sold parts and supplies for trucks and automobiles.

      j.    David Donaldson was the owner of Merchant Supply Midwest, Inc., a business that distributed cleaning supplies, paper products, and other janitorial products.

      k.    Defendant GARY LINDESMITH was the owner of Lindco Equipment Sales, Inc., a business that sold equipment for trucks.

      l.    Murteza Gazaferi and Ahmet Rusid were the co-owners of Auto Tech & Tire Complete Auto Service, a business that repaired automobiles and sold automotive parts.

2.     Beginning in approximately the late 1990s and continuing until in or about April 2006, at Bolingbrook, in the Northern District of Illinois, Eastern Division, and elsewhere:

GARY LINDESMITH,

defendant herein, along with John Schwab, Alan Guzzino, David Donaldson, Murteza Gazaferi, Ahmet Rusid, Donald Ralls and others known and unknown, devised and intended to devise, and participated in, a scheme and artifice to defraud the Village of Bolingbrook of money, property and the intangible right to the honest services of Ralls and Schwab, and to obtain money and property from the Village of Bolingbrook by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3.     It was part of the scheme to defraud that Ralls and Schwab asked certain business owners who did business with the Village of Bolingbrook to give them items, monies, gifts, and services for the personal benefit of Ralls and Schwab. The business owners acceded to the requests, and, in the invoices they submitted for payment by the Village of Bolingbrook, the business owners at times included these personal items and at times added fictitious purchases and inflated prices, which allowed them to recoup the cost of the items, monies, gifts, and services that Ralls and Schwab requested and also to gain additional, unearned monies for themselves and their businesses. Ralls and Schwab knew that invoices submitted by the business owners at times contained items that were for personal use and at times contained fictitious purchases and inflated prices, but they did not so inform the Finance Department and, thus, the invoices were paid by the Village.

South Harlem Auto Supply, Inc.

4.     It was further part of the scheme that, at the request of Ralls and Schwab, Guzzino made personal purchases for the benefit of Ralls and Schwab, allowed Ralls and Schwab to use his

3

business credit card for personal purchases, including personal vacations and airline tickets, provided Ralls and Schwab with South Harlem Auto Supply merchandise for their personal use, and occasionally gave Ralls and Schwab cash payments.

5. It was further part of the scheme that, to cover the cost of these personal purchases and payments, and an additional amount for himself, Guzzino created invoices that contained items for personal use, inflated prices, and fictitious purchases, and submitted these invoices to Village of Bolingbrook for payment with Bolingbrook funds.

6. It was further part of the scheme that, after receiving payment from the Village for these inflated invoices and fictitious purchases, Guzzino kept about 25% to 35% of the money for himself and put about 65% to 75% of the money in a "line of credit" for Ralls and Schwab. Guzzino used the "line of credit" to provide Ralls and Schwab with personal purchases, credit card purchases, merchandise for personal use, and cash.

### Merchant Supply Midwest, Inc.

7. It was further part of the scheme that, at the request of Ralls and Schwab, Donaldson gave Ralls and Schwab merchandise for their personal use, made personal purchases for the benefit of Ralls, and made cash payments to Schwab.

8. It was further part of the scheme that, to cover the cost of these items and cash payments, and an additional amount for himself, Donaldson created invoices that contained items for personal use, inflated prices, and fictitious purchases, and submitted these invoices to the Village of Bolingbrook for payment with Bolingbrook funds. Upon receiving payment from the Village for the inflated invoices and fictitious purchases, Donaldson kept approximately 60% of the money for himself.

## Lindco Equipment Sales, Inc.

9.  It was further part of the scheme that, at the request of Schwab, defendant LINDESMITH gave Schwab merchandise for his personal use and paid for meals and entertainment for Schwab.

10. It was further part of the scheme that, to cover the cost of this merchandise and entertainment, and also to cover the cost of financial contributions to political campaigns and charities that were solicited by Village officials, defendant LINDESMITH created invoices that contained items for personal use, inflated prices, and fictitious purchases, and submitted these invoices to Village of Bolingbrook for payment with Bolingbrook funds.

## Auto Tech & Tire Complete Auto Service

11. It was further part of the scheme that, at the request of Schwab, defendants Gazaferi and Rusid performed automotive maintenance services at no cost for the benefit of Schwab and made cash payments to Schwab.

12. It was further part of the scheme that, to cover the cost of these services and cash payments, and an additional amount for themselves, Gazaferi and Rusid inflated invoices and created invoices containing fictitious purchases, and submitted these invoices to the Village of Bolingbrook for payment with Bolingbrook funds. Upon receiving payment from the Village for the inflated invoices and fictitious purchases, Gazaferi and Rusid kept approximately 80% of the money for themselves.

13. It was further part of the scheme that Ralls and Schwab knew that invoices submitted by the business owners at times contained items for personal use, inflated prices and fictitious purchases, but they did not so inform the Finance Department and, thus, these personal items,

inflated prices and fictitious purchases were paid by the Village.

14. It was further part of the scheme that defendant LINDESMITH and his co-schemers did misrepresent, conceal, and hide, and cause to be misrepresented, concealed, and hidden the true purposes of the acts done in furtherance of the scheme.

15. As a result of the scheme, defendant LINDESMITH and his co-schemers defrauded the Village of Bolingbrook of a total of over $400,000 in wrongful payments on receipts and invoices.

16. On or about May 31, 2005, at Bolingbrook, in the Northern District of Illinois, Eastern Division,

GARY LINDESMITH,

defendant herein, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so, knowingly caused to be placed in an authorized depository for mail matter an envelope containing Village of Bolingbrook check # 115419, and addressed to:

Lindco Equipment Sales Inc.
2168 East 88th Drive
Merrillville, IN 46410

In violation of Title 18, United States Code, Sections 1341 and 1346.

## **FORFEITURE ALLEGATION**

The UNITED STATES ATTORNEY further alleges:

1. The allegations contained in this second superseding information are realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. As a result of their violation of Title 18, United States Code, Sections 1341 and 1346, as alleged in the foregoing second superseding information,

GARY LINDESMITH,

defendant herein, along with John Schwab, Alan Guzzino, David Donaldson, Murt Gazaferi, and Ahmet Rusid, (the "co-schemers") shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all right, title and interest in property, real and personal, which constitutes and is derived from proceeds traceable to the offense charged in the foregoing second superseding information.

3. The interests of defendant LINDESMITH and Schwab, Guzzino, Donaldson, Gazaferi and Rusid subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) include but are not limited to:

   (a) at least $404,000;

   (b) all items, financial benefits, and proceeds Schwab received from defendant LINDESMITH and Guzzino, Donaldson, Gazaferi and Rusid, who were vendors doing business with the Village of Bolingbrook, and who covered the costs of these benefits by submitting invoices to the Village that contained items that were for personal use, fictitious purchases, and inflated prices; and

  (c) all items, financial benefits, and proceeds defendant LINDESMITH, Guzzino, Donaldson, Gazaferi and Rusid received by submitting invoices to the Village that contained items that were for personal use, fictitious purchases, and inflated prices.

4. If any of the property subject to forfeiture and described above, as a result of any act or omission of the co-schemers:

  a. Cannot be located upon the exercise of due diligence;

  b. Has been transferred or sold to, or deposited with, a third party;

  c. Has been placed beyond the jurisdiction of the Court;

  d. Has been substantially diminished in value; or

  e. Has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

*Patrick J. Fitzgerald, by [signature]*
UNITED STATES ATTORNEY