**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

APR 0 7 2008

JUDGE REBECCA R. PALLMEYER
UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 815 -5 |
| vs. | ) | Judge Rebecca Pallmeyer |
| | ) | |
| GARY LINDESMITH | ) | |

## PLEA AGREEMENT

1.      This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant GARY LINDESMITH, and his attorneys, ELLIOT SAMUELS and MICHAEL SHER, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure.  The parties to this Agreement have agreed upon the following:

### Charge in This Case

2.      The second superseding information in this case charges defendant with mail fraud, in violation of Title 18, United States Code, Section 1341 and 1346.

3.      Defendant has read the charge against him contained in the second superseding information, and that charge has been fully explained to him by his attorney.

4.      Defendant fully understands the nature and elements of the crime with which he has been charged.

### Charge to Which Defendant is Pleading Guilty

5.      By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the second superseding information, which charges that on or about May 31, 2005, for the purpose of executing a fraudulent scheme, and attempting to do so, defendant knowingly caused to be placed in an authorized depository for mail matter an envelope containing Village of Bolingbrook check #

115419, addressed to Lindco Equipment Sales Inc, 2168 East 88th Drive, Merrillville, IN 46410, in violation of Title 18, United States Code, Sections 1341 and 1346. .

6.    In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

**Factual Basis**

7.    Defendant will plead guilty because he is in fact guilty of the charge contained in the second superseding information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt, and establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

Defendant participated in, a scheme and artifice to defraud the Village of Bolingbrook ("Village" or "Bolingbrook") of money, property and the intangible right to the honest services of John Schwab, the Superintendent in the Village's Building and Fleet Division – a division of the Village's Public Works Department – and to obtain money and property from the Village by means of materially false and fraudulent pretenses, representations, and promises.

Defendant was the owner of Lindco Equipment Sales, Inc. ("Lindco"), a business that sold trucking equipment and provided truck-outfitting services to Bolingbrook's Building and Fleet Division. The Building and Fleet Division purchased trucking equipment and related truck-outfitting services from Lindco. To obtain payment from the Village for the equipment and services, Lindco submitted invoices to the Village.

Building and Fleet Superintendent John Schwab approached defendant and advised him that in order for the defendant to maintain Bolingbrook business he would have to make political and

2

charitable contributions to and/or as directed by Bolingbrook officials, and the he could recoup these expenses from the Village through the submission of inflated or false invoices.

Thus, from approximately July 2001 through approximately December 2005, at the request of several Village officials, defendant made a series of contributions to political campaigns and charities, which totaled approximately $12,775, which he recouped by submitting to the Village fraudulent invoices that contained items that were never purchased or inflated prices for items that were purchased.

In addition, defendant also provided Schwab with meals and entertainment on numerous occasions for a total cost of approximately $6000. Defendant also provided Schwab and other Village employees with a golf outing, including golf accessories, for a total cost of approximately $1500. Once again, defendant recouped the costs associated with these entertainment expenses by submitting fraudulent invoices to the Village of Bolingbrook.

On or about May 31, 2005, in the Northern District of Illinois, Eastern Division, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so, the defendant knowingly caused to be placed in an authorized depository for mail matter an envelope containing Village of Bolingbrook check # 115419, and addressed to Lindco Equipment Sales Inc., 2168 East 88th Drive, Merrillville, IN 46410, in violation of Title 18, United States Code, Sections 1341 and 1346.

As a result of the defendant's participation in this scheme, the defendant and his business received improper payments from the Village in the approximate amount of $ 20,275, of which Schwab and other Village employees were given approximately $7,500 in the form of entertainment

3

expenses. Defendant and his business recouped approximately $ 12,775 for the contributions that he made to political campaigns and charities.

The foregoing facts are set forth solely to assist the court in determining whether a factual basis exists for defendant's plea of guilty, and are not intended to be a complete or comprehensive statement of all the facts within defendant's personal knowledge regarding the charged crimes and related conduct.

## Maximum Statutory Penalties

8.    Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

a.    A maximum sentence of 20 years' imprisonment. This offense also carries a maximum fine of $250,000, or twice the gross gain or gross loss resulting from that offense, whichever is greater. Defendant further understands that the judge also may impose a term of supervised release of not more than three years.

b.    Defendant further understands that the Court must order restitution to the victims of the offense in an amount determined by the Court.

c.    In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty or restitution imposed.

## Sentencing Guidelines Calculations

9.    Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are

4

advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

10.    For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a.    **Applicable Guidelines**. The parties disagree as to the Sentencing Guidelines that are to be considered in this case. The government's position is that the Sentencing Guidelines to be considered are those in effect at the time of sentencing, namely the November 2007 Guidelines Manual. The defendant's position is that the Sentencing Guidelines to be considered are those in effect at the time of the offense, namely the November 2004 Guidelines.

b.    **Offense Level Calculations.**

i.    The base offense level for fraud involving the deprivation of the intangible right to honest services of public officials charged in the second superseding information is 12, pursuant to Guideline §2C1.1(a)(2).

ii.    Pursuant to Guideline §§ 2C1.1(b)(2) and 2B1.1(b)(1)(C), the base offense level for the offense of conviction is increased 4 levels because the amount of loss to Village attributable to defendant's offense of conviction was more than $10,000 but less than $30,000.

iii.    It is the government's position that, pursuant to Guideline § 2C1.1(b)(3), the base offense level for the offense of conviction is increased 4 levels because the offense involved a public official in a high-level decision-making position. The defendant does not agree with this increase.

iv.    Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive

5

additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline §3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine or restitution that may be imposed in this case, a 2-level reduction in the offense level is appropriate.

     v.  In accord with Guideline §3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline §3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a 2-level reduction for acceptance of responsibility, the government will move for an additional 1-level reduction in the offense level.

     c.  **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

     d.  **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, it is the government's position that the anticipated offense level is 17, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory Sentencing Guidelines range of 24 to 30 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose. It is the defendant's position that the anticipated offense level is 13, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory Sentencing Guidelines range of 12-18 months, in addition to any supervised release, fine, and restitution the Court may impose.

e.    Defendant and his attorney and the government acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely.  Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional Guideline provisions apply in this case.  Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation.  Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with any of the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of either his or the government's calculations.

f.    Both parties expressly acknowledge that this plea agreement is not governed by Fed.R.Crim.P. 11(c)(1)(B), and that errors in applying or interpreting any of the Sentencing Guidelines may be corrected by either party prior to sentencing.  The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines.  The validity of this Plea Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

## Agreements Relating to Sentencing

11.    The government agrees to recommend that sentence be imposed at the low end of the applicable guidelines range.

12.    It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as set forth above.

7

Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

13.     If, in its sole discretion, the government determines subsequent to defendant's sentencing in this case that defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, then the government will move for a reduction in his sentence pursuant to Fed.R.Crim.P. 35(b). Defendant understands that it is solely within the government's discretion whether to move for a reduction in his sentence, and he agrees not to challenge the government's decision if it determines in its discretion that such a motion is not appropriate. Defendant also understands that should the government seek such a reduction as outlined above, it is solely within the court's discretion to grant or reject such a request, and to determine the extent of any reduction.

14.     Regarding restitution, the parties acknowledge that pursuant to Title 18, United States Code, § 3663A, the court must order defendant, together with any jointly liable co-defendants, to make full restitution to the Village of Bolingbrook in an amount to be determined by the Court at sentencing, which amount shall reflect credit for any funds repaid prior to sentencing. Restitution shall be due immediately, and paid pursuant to a schedule to be set by the Court at sentencing. Defendant agrees to pay $20,275 upon the entry of his guilty plea, to be credited to his restitution obligation, as explained in paragraph 18 below.

15.     Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

8

**Forfeiture**

16.     The second superseding information charges that defendant and other named co-schemers are liable to the United States for approximately $404,000, which funds are subject to forfeiture because those funds constitute proceeds of the violation charged in the second superseding information.    By entry of a guilty plea to the second superseding information, defendant acknowledges that the property identified above is subject to forfeiture.

17.     Defendant agrees to the entry of a forfeiture judgment against him in the amount of $20,275, which he will pay at the time of the entry of his guilty plea.  Prior to sentencing, defendant agrees to the entry of a preliminary order of forfeiture relinquishing any right of ownership he has in these funds and further agrees to the seizure of these funds so that these funds may be disposed of according to law.  Defendant is unaware of any third party who has an ownership interest in, or claim to, the property subject to forfeiture and will cooperate with the United States during the ancillary stages of any forfeiture proceedings to defeat the claim of a third-party in the event a third party files a claim.

18.     Defendant understands that forfeiture of property generally is not to be treated as satisfaction of any restitution the Court may impose upon defendant in addition to the forfeiture judgment.  It is agreed by the parties, however, that forfeiture of funds and any other payments made toward satisfaction of the forfeiture judgment shall be credited to the outstanding restitution obligation.

**Presentence Investigation Report/Post-Sentence Supervision**

19.     Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the

9

District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charge against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

20.    Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of his sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

21.    For the purpose of monitoring defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

22.    This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 07 CR 815.

23.    This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

24.    Defendant understands that nothing in this Plea Agreement shall limit the Internal Revenue Service (IRS) in its collection of any taxes, interest or penalties from defendant and his spouse or defendant's partnership or corporations.

### Waiver of Rights

25.    Defendant understands that by pleading guilty he surrenders certain rights, including the following:

        a.       **Right to be charged by indictment.** Defendant understands that he has a right to have the charge prosecuted by an indictment returned by a concurrence of twelve or more members of a grand jury consisting of not less than sixteen and not more than twenty-three members. By signing this Agreement, defendant knowingly waives his right to be prosecuted by indictment and

11

to assert at trial or on appeal any defects or errors arising from the information, the information process, or the fact that he has been prosecuted by way of information.

      **b.**    **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

      i.    The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

      ii.    If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

      iii.    If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt. The jury would have to agree unanimously before it could return a verdict of guilty or not guilty.

      iv.    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v.    At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

vi.    At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

vii.    At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

c.    **Waiver of appellate and collateral rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal his conviction and the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal his conviction and any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, and including any order of restitution or forfeiture, in exchange for the concessions made by the United States in this Plea Agreement. In addition, defendant also waives his right to challenge his conviction and sentence, and the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation.

13

d.    Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

## Other Terms

26.    Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

## Conclusion

27.    Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

28.    Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable

14

statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

29.    Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

30.    Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

31.    Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: ___4-7-08___

PATRICK J. FITZGERALD
United States Attorney

GARY LINDESMITH
Defendant

LAURIE BARSELLA
Assistant U.S. Attorney

ELLIOT SAMUELS
Attorney for Defendant

MICHAEL SHER
Attorney for Defendant

15